| | |
|---|---|
| MICHAEL WYLAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BERRY PETROLEUM COMPANY, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 1:18-cv-01414-DAD-JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 6) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This matter is before the court on defendant Berry Petroleum Company, LLC's ("Berry") motion to dismiss plaintiff's first amended complaint ("FAC"). (Doc. No. 6.) A hearing on the motion was held on February 5, 2019. Attorney Sam Yebri appeared telephonically on behalf of plaintiff, and attorney Emily Camastra appeared telephonically on behalf of defendant. The court has considered the parties' briefs and arguments presented at the hearing, and for the reasons set forth below, will grant defendant's motion to dismiss in part.

**BACKGROUND**

On September 12, 2018, plaintiff filed a complaint in the Kern County Superior Court against Berry. (Doc. No. 1-1 at 2.) Berry removed the action to this federal court based on diversity of citizenship jurisdiction. (Doc. No. 1.) On November 1, 2018, plaintiff filed his FAC. (Doc. No. 5 ("FAC").)

1

Plaintiff's FAC asserts eleven claims against Berry: three individual claims alleging violations of California's Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq.*, for age-based discrimination, age-based harassment, and the failure to take reasonable steps to prevent harassment and discrimination on the basis of age; three individual claims alleging violations of the California Labor Code §§ 226(a), 226.7(a), and 512(a) and Wage Order 1-2001(12) for unpaid missed meal breaks, unpaid missed rest breaks, and improper wage statements; three claims for civil penalties pursuant to the Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698 *et seq.*, for the wage-and-hour violations, brought on behalf of plaintiff and other current and former aggrieved employees of Berry; a wrongful termination in violation of California public policy claim; and an intentional infliction of emotional distress ("IIED") claim. (*See id.*) Plaintiff seeks an award of damages and, to the extent applicable, statutory penalties under the California Labor Code and the PAGA. (*Id.*)

In his FAC, plaintiff alleges the following. Plaintiff worked as an operator for Berry, a California-based energy company engaged in the development and production of oil reserves. (*Id.* at ¶¶ 24–26.) Plaintiff was hired in or around 1994, rose through the ranks at Berry, and was terminated on or about May 21, 2018. (*Id.* at ¶¶ 25–26.) Berry employed plaintiff as a non-exempt, hourly employee. (*Id.* at ¶ 25.) At the time of his termination, plaintiff had worked for Berry for twenty-four years and was fifty-seven years old. (*Id.* at ¶ 26.) Plaintiff alleges that, during his tenure at Berry, he "held himself to the highest standards of performance and dedication" and "was respected by his colleagues." (*Id.* at ¶ 28.) The FAC alleges that plaintiff was terminated on account of his age and also alleges violations of the California Labor Code with regard to his employment, including that defendant forced plaintiff to work in excess of eight hours per day, did not permit him to take any rest breaks, and did not allow plaintiff to take uninterrupted meal breaks. (*Id.* at ¶¶ 36–46, 31–34.)

Regarding plaintiff's age-based discrimination and harassment claims, the FAC alleges as follows. In 2017, defendant Berry assigned Michael Smith as plaintiff's direct supervisor. (*Id.* at ¶ 35.) Smith is more than twenty years younger than plaintiff. (*Id.*) Smith "immediately expressed age-based animus against Plaintiff by mocking and ridiculing him, calling Plaintiff 'pa'

and 'young feller' in a derogatory manner." (*Id.* at ¶ 36.) Smith also excluded plaintiff in favor of younger employees and singled plaintiff out for unfair criticism and unwarranted discipline. (*Id.*) Plaintiff alleges that Smith "was eager to eliminate [Berry's] older employees, including Plaintiff, and began transitioning younger trainees into Plaintiff's team." (*Id.* at ¶ 37.) Smith "would single out Plaintiff as the sole employee who would receive admonishment for conduct that Plaintiff's colleagues engaged in on a regular basis without consequence." (*Id.* at ¶ 38.)

In or around May 2018, Smith singled out plaintiff for a work-related incident, claiming that plaintiff and his colleague did not follow company protocol when responding to a contained overflow of an oil tank. (*Id.* at ¶ 40.) Although the overflow was not caused by plaintiff or his colleague, and despite similar overflows occurring frequently in the past and the responses to those overflows being similar to the response to the overflow at issue by plaintiff and his colleague, defendant Smith "used th[e] incident as a pretext to single Plaintiff out for disparate treatment due to his age and to abruptly end Plaintiff's [] 24 year-career with Defendants on account of Plaintiff's age." (*Id.* at ¶ 41.) Although plaintiff and his colleague engaged in identical conduct with respect to the incident, plaintiff's colleague was not reprimanded or otherwise punished for his conduct during the incident, and is still employed by Berry. (*Id.*) Defendant hired a new employee to fill plaintiff's position, who was under forty years of age at the time of the hiring and is more than twenty years younger than plaintiff. (*Id.* at ¶ 45.) During his twenty-four-year tenure with Berry and before being reprimanded by Smith for the overflow incident, plaintiff had not received any negative write-ups, counselling, evaluations, or discipline of any kind. (*Id.* at ¶ 42.) Plaintiff alleges that defendant "failed to follow a progressive discipline system towards older employees" and that defendant "failed to give Plaintiff a meaningful opportunity to explain the alleged incident[] [or] discuss the reason for his firing, [or] a final warning of any kind." (*Id.* at ¶ 43.)

With regard to plaintiff's claims alleging wage-and-hour violations, the FAC alleges as follows. Plaintiff "regularly worked in excess of eight hours per day and forty hours per week" and was required to work eight-hour shifts for seven, eight, or more days in a row. (*Id.* at ¶¶ 31–32.) Plaintiff was regularly asked to return to worksites after the completion of his regularly

3

scheduled hours. (*Id.* at ¶ 32.) Plaintiff also alleges that he was not permitted to take any rest breaks, as he was required "to work most or all of his work shifts without any rest breaks of any kind." (*Id.* at ¶ 33.) Plaintiff further alleges that he was not allowed to take uninterrupted meal breaks, as he was required to remain "on call" during his lunch break and eat meals in his truck while continuing to work. (*Id.* at ¶ 34.) On information and belief, plaintiff alleges that defendant prevented and discouraged other employees from taking rest breaks and uninterrupted meal breaks. (*Id.* at ¶¶ 33–34.)

On August 15, 2018, plaintiff timely filed his administrative complaint against defendant with the California Department of Fair Employment and Housing ("DFEH"). (*Id.* at 20.) On that same date, DFEH issued plaintiff a right-to-sue notice. (*Id.* at ¶ 21.)

On November 15, 2018, Berry filed its motion to dismiss the FAC, which is now pending before the court. (Doc. No. 6.) Plaintiff filed his opposition on January 22, 2019, and Berry filed its reply on January 29, 2018. (Doc. Nos. 12, 13.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v.*

*Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

**A. Plaintiff's First Claim for Relief Alleging Age Discrimination States a Cognizable Claim.**

Defendant first moves to dismiss plaintiff's claim alleging age discrimination in violation of California Government Code § 12940(a). (Doc. No. 6 at 15–16.) Specifically, defendant contends that plaintiff has "failed to plead any facts giving rise to a plausible inference of age discrimination" and that plaintiff's allegations are conclusory in nature. (*Id.* at 16.)

Under the FEHA, it is unlawful for an employer "to discriminate against [a] person in compensation or in terms, conditions, or privileges of employment" because of a person's age. Cal. Gov. Code § 12940(a). To state a prima facie case of discrimination under the FEHA, a plaintiff must allege and ultimately show that: (i) she was a member of a protected class; (ii) she was qualified for the position she sought or was performing competently in the position she held; (iii) she suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *See Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000). An "adverse employment action" must be both substantial and detrimental, and conduct that is minor or trivial is insufficient to meet this standard. *See Horsford v. Bd. of Tr. of Cal. State Univ.*, 132 Cal. App. 4th 359, 374 (2005). Adverse employment actions can include termination, demotion, failure to promote, denial of an available job, adverse job assignments, official discipline, and significant changes in

5

compensation or benefits. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (2009); *Guz*, 24 Cal. 4th at 355; *Thomas v. Dep't of Corrs.*, 77 Cal. App. 4th 507, 511 (2000). A plaintiff can demonstrate an employer's discriminatory motive through direct evidence, or by offering "circumstantial evidence of discrimination that tends to show that the employer's proffered motives were not the actual motives because they are inconsistent or otherwise not believable." *Achal v. Gate Gourmet*, 114 F. Supp. 3d 781, 801 (N.D. Cal. July 14, 2015); *see also Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221–22 (9th Cir. 1998).

Plaintiff has sufficiently alleged the first three elements of his age-based discrimination claim. In his FAC, plaintiff alleges that he was fifty-seven years old when he was terminated by defendant Berry. (FAC at ¶¶ 26, 50); *see also Sandell v. Taylor-Listug, Inc.*, 188 Cal. App. 4th 297, 321 (2010) (holding that, to allege an age discrimination claim, a plaintiff must present evidence that she is over the age of forty). Plaintiff has also alleged that he was performing his job satisfactorily when he was terminated, including, for example, that he was respected by his colleagues; his colleagues viewed him as trustworthy and reliable; he never received any prior negative reviews or evaluations; and he was qualified to perform the duties to which he was assigned. (*Id.* at ¶¶ 28, 42, 51.) Plaintiff has also alleged that he suffered an adverse employment action—he was terminated from his job on or about May 21, 2018. (*Id.* at ¶ 50.)

The crux of the parties' dispute with respect to the sufficiency of the allegations as to plaintiff's age-based discrimination claim concerns the last element—that the employer acted with discriminatory motive. Courts treat this element "with flexibility," *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1211 (9th Cir. 2008) (internal quotation marks and citation omitted), requiring only that a "plaintiff show through circumstantial, statistical, or direct evidence that the discharge occurred under circumstances giving rise to an inference of age discrimination," *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996) (internal quotation marks and citation omitted). "Applying California law, the Ninth Circuit has held that a mere comment suggesting the existence of bias can be direct evidence of discriminatory animus." *Achal*, 114 F. Supp. 3d at 801.

/////

6

Here, the circumstances surrounding plaintiff's termination as alleged give rise to an inference of age discrimination. For example, plaintiff alleges that he was replaced by an employee over twenty years younger than he. (*Id.* at ¶ 45). Plaintiff also alleges that he was treated differently than younger employees. For example, plaintiff alleges that prior to being terminated, his supervisor, Michael Smith, expressed age-based animus against him, by calling him "pa" and "young feller," by excluding him in favor of younger employees, and by singling him out for unfair criticism or unwarranted discipline. (*Id.* at ¶ 36.) With regard to the incident resulting in his termination, plaintiff alleges that, even though he and his colleague engaged in identical conduct with respect to containing the overflow, only plaintiff was terminated whereas the colleague continued to be employed by Berry. (*Id.* at ¶ 41.) These allegations provide a sufficient factual basis upon which to claim that Berry or its agent, Smith, acted with an intent to discriminate on the basis of age. *Cf. Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding that plaintiff did not allege facts sufficient to infer age discrimination where she did not allege facts indicating defendant's decision to place her on leave was because of her age, such as that she was replaced by a younger employee or that she overheard negative comments about her age).

Defendant argues that the FAC "provides absolutely no specific information to support these conclusory allegations," in that the FAC does not allege specific dates on which defendant Smith allegedly mocked and ridiculed plaintiff and called him "pa" and "young feller," nor does the FAC allege specific examples of the unfair criticism or the unwarranted discipline that plaintiff claims he was subjected to. (Doc. No. 6 at 16.) With respect to the overflow incident, defendant contends that plaintiff has alleged no details as to why or how plaintiff's colleague was treated differently than plaintiff based on age since the FAC does not specify the colleague's age. (*Id.*) These arguments are unavailing. Defendant cites no authority for the propositions that, at the pleading stage, the required level of specificity necessitates the inclusion of specific dates and specific examples to state a plausible claim for discrimination under the FEHA. Of course, "'[v]ery little' evidence is required to establish a *prima facie* case" of age discrimination under FEHA. *Blincow v. MillerCoors, LLC*, No. 2:16-CV-01771-KJM-AC, 2018 WL 3869162, at *2

(E.D. Cal. Aug. 15, 2018) (quoting *Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1111 (9th Cir. 1991), *superseded by statute on other grounds as recognized in Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1041 (9th Cir. 2005)). Here, plaintiff's allegations sufficiently allege a cognizable claim for age discrimination. *See Brazil v. California Northstate College of Pharmacy, LLC,* 904 F. Supp.2d 1047, 1052–53 (E.D. Cal. 2012) (concluding that where the plaintiff alleged he was a member of a protected class, was replaced by a substantially younger individual, that he had received an outstanding performance review and a performance raise and otherwise performed satisfactorily and was nonetheless discharged, he had sufficiently alleged a prima facie case of age discrimination) (citing *Sheppard v. David Evans and Assoc.*, 694 F.3d 1045, 1050 (9th Cir. 2012)); *see also Nidds*, 113 F.3d at 917 ("Nidds has shown that he was discharged; that he was performing satisfactorily; and that his duties continued to be performed by a substantially younger individual. Nidds therefore cleared the prima facie case barrier and established 'a presumption that the employer unlawfully discriminated against the employee.'") (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)).

Accordingly, defendant's motion to dismiss plaintiff's first claim for relief will be denied.

**B.      Plaintiff's Second Claim for Relief Alleging Age-Based Harassment Does Not State a Cognizable Claim.**

Defendant next moves to dismiss plaintiff's claim alleging age-based harassment in violation of California Government Code § 12940(j)(1), which prohibits an employer from harassing an employee because of the employee's age. (Doc. No. 6 at 16–17.) Specifically, defendant contends that plaintiff's "vague and conclusory description of Smith referring to him as 'pa' and 'young feller' do not rise to the level of a plausible claim of actionable harassment." (*Id.* at 18.)

To establish a prima facie claim for harassment and hostile work environment under the FEHA, a plaintiff must allege and demonstrate that: (i) she is a member of a protected group; (ii) she was subjected to harassment because she belonged to this group; and (iii) the alleged harassment was so severe or pervasive that it created a hostile work environment. *See Lawler*,

704 F.3d at 1244; *Hughes v. Pair*, 46 Cal. 4th 1035, 1043 (2009); *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006). A plaintiff must ultimately show a "concerted pattern of harassment of a repeated, routine or a generalized nature." *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 131 (1999). Courts consider the totality of the circumstances in evaluating whether a hostile work environment exists, including "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Miller v. Dep't of Corrs.*, 36 Cal. 4th 446, 462 (2005).

Here, plaintiff has alleged that he was harassed at work on the basis of his age. (FAC at ¶ 58.) Some of the facts alleged by plaintiff to support his harassment claim mirror the facts alleged by him to support his discrimination claim. That is, Smith mocked and ridiculed plaintiff by calling him "pa" and "young feller," Smith excluded plaintiff in favor of younger employees, and Smith singled out plaintiff for unfair criticism and unwarranted discipline. (*Id.* at ¶¶ 36–43.) Plaintiff also alleges that he "was harassed by . . . other managers of Defendants," that the harassment was severe and pervasive because it took place on a regular basis, and that defendant knew or should have known of the harassment. (*Id.* at ¶¶ 59–61.)

These factual allegations are insufficient to state a plausible claim for age-based harassment. First, plaintiff's allegations that Smith subjected him to unfair criticism and unwarranted discipline cannot form the basis of his harassment claim because

> the Legislature intended that commonly necessary personnel management actions such as hiring and firing, . . . performance evaluations, . . . deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management.

*Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64–65 (1996); *see also Reno v. Baird*, 18 Cal. 4th 640, 647 (1998). Second, plaintiff's allegations that the alleged harassment was severe and pervasive, that other managers harassed him, and that defendant should have been aware of the

alleged harassment are conclusory in nature, and the court "need not assume the truth of [these] legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Finally, those of plaintiff's allegations that are not conclusory suffer from a separate defect: the alleged incidents of harassment "are neither sufficiently severe nor pervasive to constitute an actionable hostile work environment claim." *Stevens v. Cty. of San Mateo*, No. C 04-02762 SI, 2006 WL 581092, at *5 (N.D. Cal. Mar. 7, 2006), *aff'd,* 267 F. App'x 684 (9th Cir. 2008). Plaintiff does not allege that he was routinely called "pa" or "young feller" by Smith, nor does he allege that these comments or the other forms of alleged harassment interfered with his work or permeated his workplace. *See Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) ("In order to prevail on her hostile work environment claim, Brooks must show that her 'workplace [was] permeated with discriminatory intimidation . . . that [was] sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.'") (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)) (alterations in original). Accordingly, plaintiff's second claim for relief alleging age-based harassment will be dismissed with leave to amend.

**C.     Plaintiff's Third Claim for Relief Alleging Defendant Failed to Take Reasonable Steps to Prevent Harassment and Discrimination States a Cognizable Claim.**

Defendant next moves to dismiss plaintiff's claim alleging that defendant failed to take all reasonable steps to prevent harassment and discrimination in violation of California Government Code §§ 12940(j)(1) and (k), which require an employer to take immediate and appropriate corrective and preventative action upon learning of the harassment or discrimination. (Doc. No. 6 at 18–19.) Defendant contends that this claim fails to state a claim because the underlying harassment and discrimination claims fail to state a claim. (*Id.*)

To state a prima facie case of failure to prevent discrimination or harassment, a plaintiff must allege and show that (1) plaintiff was subjected to discrimination or harassment, (2) which defendant failed to take all reasonable steps to prevent, and (3) which caused plaintiff harm. *See Lelaind v. City and County of San Francisco*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. Sept. 2, 2008); *see also Achal*, 114 F. Supp. 3d at 804 ("No liability can arise for failing to take necessary

steps to prevent discrimination [or harassment], however, except where discriminatory conduct [or harassment] actually took place and was not prevented.") (citing *Trujillo v. N. Cty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998)). Examples of reasonable steps employers may take to prevent discrimination include promptly investigating the discrimination claim, developing appropriate sanctions, and implementing effective procedures to handle discrimination-related complaints. Cal. Code Regs. § 11019(b); *Achal*, 114 F. Sup. 3d at 804; *Cal. Fair Emp't and Hous. Comm'n v. Gemini Aluminum Corp.*, 122 Cal. App. 4th 1004, 1024–25 (2004).

Above the court has concluded that the FAC states a cognizable discrimination claim but fails to state a cognizable harassment claim. Thus, to the extent that the FAC alleges defendant failed to take reasonable steps to prevent harassment, the claim is not sufficiently alleged. *See Trujillo*, 63 Cal. App. 4th at 289. However, plaintiff's claim alleging that defendant failed to take reasonable steps to prevent discrimination states a cognizable claim for relief because plaintiff has plausibly alleged that defendant discriminated against him on the basis of his age. Accordingly, plaintiff may proceed on his third claim for relief based on a theory that defendant failed to take all reasonable steps to prevent age discrimination only and his third claim for relief will be dismissed in part with leave to amend as it relates to harassment.

### D. Plaintiff's Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Claims for Relief Alleging Labor Code Violations and Corresponding PAGA Violations Fail to State Cognizable Claims.

Defendant next moves to dismiss each of plaintiff's claims alleging violations of the California Labor Code. (Doc. No. 6 at 19–25.) Plaintiff asserts the following wage and labor claims: (1) a claim for failure to provide meal breaks and a corresponding PAGA claim for failure to provide meal breaks; (2) a claim for failure to provide rest breaks and a corresponding PAGA claim for failure to provide rest breaks; and (3) a claim for improper wage statements and a corresponding PAGA claim for improper wage statements. (Doc. No. 5 at 11–17.)

/////
/////
/////

1. <u>The FAC Fails to State Cognizable Claims for Failure to Provide Meal and Rest Breaks and Improper Wage Statements.</u>

California law requires an employer to provide its non-exempt employees with meal periods and rest periods during the workday. Cal. Labor Code §§ 226.7, 512. Section 512 requires an employer to provide "the employee with a meal period of not less than 30 minutes" if the employee works more than five hours per day and two 30-minute meal periods for workdays exceeding ten hours. *Id.* § 512. Section 226.7 in conjunction with Industrial Welfare Commission ("IWC") Wage Order No. 1-2001(12) requires an employer "to authorize and permit all employees to take rest periods . . . based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours." Cal. Code Regs. tit. 8, § 11010. Section 226.7 also prohibits an employer from "requir[ing] an employee to work during a meal or rest . . . period mandated pursuant to an applicable statute." *Id.* § 226.7. "Employers who violate these requirements must pay premium wages." *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1018 (2012) (citing Cal. Labor Code § 226.7(b)).

In this regard, plaintiff alleges the following. He worked for defendant from 6:00 a.m. until 2:30 p.m. during the summer months, and from 7:00 a.m. to 3:30 p.m. during the winter months; he "regularly worked in excess of the eight hours per day"; defendant "would not permit Plaintiff to take any rest breaks," by requiring him to work most or all of his work shifts without any rest breaks; he and his colleagues "were so overworked and understaffed to the point that rest breaks were not even an option"; and defendant "did not allow Plaintiff to take uninterrupted meal breaks," because he was required to remain "on call" and eat his meals in his truck. (Doc. No. 5 at 5–6, 12–13.) Defendant contends that plaintiff's meal and rest break claims are not cognizable as pled because plaintiff's allegations are conclusory and devoid of any factual detail. (Doc. No. 6 at 19–21.) The court agrees.

Plaintiff's claim that he was "prohibited by his supervisors from taking [] meal breaks," (Doc. No. 5 at 12), is not supported by any factual allegations. Plaintiff "fails to state who denied [him] meal periods, when they were denied, and what policies and practices resulted in a deprivation of meal periods." *Luna v. Universal City Studios Prods. LLLP*, No. CV 12-9286 PSG

12

(SSX), 2013 WL 12308201, at *4 (C.D. Cal. Mar. 29, 2013). Plaintiff's allegation that defendant "fostered a work environment where the taking of uninterrupted thirty (30) minute meal breaks by their employees was prohibited because [Berry] w[as] more concerned about [its] profit margins than [its] employees' welfare and rights," (Doc. No. 5 at 12), is similarly unavailing because plaintiff does not allege facts describing what precisely he heard or witnessed to allow the reasonable inference that he was effectively prevented or discouraged from taking his statutorily mandated meal breaks. *See, e.g.*, *Suarez v. Bank of Am. Corp.*, No. 18-CV-01202-MEJ, 2018 WL 2431473, at *6 (N.D. Cal. May 30, 2018) (dismissing meal break claim where the plaintiff did not "allege facts describing what precisely her supervisor said to allow the reasonable inference that the reprimands prevented Plaintiff from taking her break").

Plaintiff's rest break claim does not fare any better. Plaintiff alleges that defendant would not permit him to take any rest breaks because he was required to work most or all his work shifts without any rest breaks and that, therefore, "rest breaks were not even an option." (Doc. No. 5 at 6.) Here, too, plaintiff "fails to allege when and how Plaintiff[] w[as] denied rest periods and which [individuals] denied rest periods." *Luna*, 2013 WL 12308201 at *4; *see also Gonzalez v. Fallanghina, LLC*, No. 16-CV-01832-MEJ, 2016 WL 3951655, at *6 (N.D. Cal. July 22, 2016) ("While [] Plaintiff alleges Defendants never offered [him] meal breaks nor allowed mandatory ten minute rest breaks, and compelled [him] to work through those meal and rest break periods, he does not provide any of the factual circumstances of how or when that occurred, such as an allegation that Plaintiff's manager made Plaintiff fold napkins during any break or that Plaintiff's supervisor told him he was not allowed to take breaks. Without more factual content, the current allegations do not allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotation marks and citations omitted). Plaintiff's failure to allege facts and circumstances that support the elements of his claims is fatal to his meal and rest break claims. *Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG RNBX, 2009 WL 9426145, at *3 (C.D. Cal. July 17, 2009) (dismissing unpaid meal break claims where the plaintiff "simply parrot[ed] the statutory language" of California Labor Code §§ 226.7 and 512 and did not "plead sufficient 'factual content' to allow the Court to make a reasonable inference

13

that Defendants are liable for the claims alleged by Plaintiff"). Accordingly, plaintiff's fourth and sixth claims will be dismissed with leave to amend.

Next, defendant moves to dismiss plaintiff's eighth claim for improper wage statements. "California Labor Code § 226 sets out requirements for wage statements, and, along with § 226.3, provides for penalties if those requirements are not met." *Culley v. Lincare Inc.*, 236 F. Supp. 3d 1184, 1195 (E.D. Cal. 2017). Plaintiff argues that meal and rest break violations properly form the basis for improper wage statements claims under § 226. (Doc. No. 12 at 16.) Defendant contends that the failure to pay a missed meal or rest period wage "does not contravene Section 226(a)'s requirement that wage statements accurately set out gross and net wages earned." (Doc. No. 6 at 22.). In the alternative, defendant asks the court to stay this action pending the California Supreme Court's rendering of its decision in *Stewart v. San Luis Ambulance, Inc.*, Case No. S246255. (*Id.* at 25–28.) On December 29, 2017, the Ninth Circuit issued an order certifying several questions to the California Supreme Court. *See Stewart v. San Luis Ambulance, Inc.*, 878 F.3d 883 (9th Cir. 2017). The parties agree (*see* Doc. Nos. 6 at 25–26; 12 at 15–16) that one of those certified questions is at issue in this action: "[W]hether the failure to pay the premium wage associated with [meal and rest period] violation[s] may also form the basis for . . . an inaccurate reporting claim" under California Labor Code § 226. *See Stewart*, 878 F.3d at 887.

This court need not stay this action or determine for itself whether the failure to pay a missed meal or rest period wage contravenes § 226. At the February 5, 2019 hearing on the pending motion, the parties agreed that plaintiff's improper wage statements claim is wholly derivative of plaintiff's meal and rest break claims. The parties further agreed that, if this court did not find the meal and rest break claims as pled to be cognizable, then it could not find the improper wage statements claim cognizable. As discussed above, the court has concluded that plaintiff's FAC fails to allege cognizable missed meal or rest break violations. Plaintiff's eighth claim for improper wage statements therefore necessarily fails to state a cognizable claim and will also be dismissed with leave to amend.

/////

/////

2. <u>The FAC Fails to State Cognizable PAGA Claims for Failure to Provide Meal and Rest Breaks and Improper Wage Statements.</u>

The parties agree that plaintiff's PAGA claims are wholly derivative of his meal and rest break and improper wage statement claims. (*See* Doc. Nos. 6 at 25; 12 at 18; 13 at 9.) Because the court is dismissing plaintiff's meal and rest break and improper wage statements claims with leave to amend, plaintiff "cannot assert PAGA . . . claims on those bases." *Sinohui v. CEC Entm't, Inc.*, No. EDCV 14-2516-JLS (KKx), 2015 WL 11072128, at *3 (C.D. Cal. Mar. 25, 2015); *see also Soto v. Diakon Logistics (Delaware), Inc.*, No. 08cv33-L (WMC), 2011 WL 3503183, at *2 n.1 (S.D. Cal. Aug. 10, 2011) ("[B]ecause the PAGA claim is derivative of the first five causes of action, Defendant would have to dismiss all of them to succeed in dismissing the PAGA claim."). Thus, defendant's motion to dismiss plaintiff's PAGA claims (claims five, seven, and nine) will also be granted with leave to amend.

**E.     Plaintiff's Tenth Claim for Relief Alleging Wrongful Termination in Violation of Public Policy States a Cognizable Claim.**

Defendant next moves to dismiss plaintiff's wrongful termination claim on the ground that the FAC fails to allege facts giving rise to a plausible claim in that regard. (Doc. No. 6 at 28.)

As a matter of California common law, "when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 170 (1980); *see also Freund v. Nycomed Amersham*, 347 F.3d 752, 758 (9th Cir. 2003). "The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Nosal-Tabor v. Sharp Chula Vista Med. Ctr.*, 239 Cal. App. 4th 1224, 1234–35 (2015) (quoting *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 154 (2014)). The public policy implicated must be "(1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of discharge; and

(4) substantial and fundamental." *Freund*, 347 F.3d at 758 (quoting *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1159 (1998)).

Plaintiff alleges that he was terminated after he complained about defendant's wage and hour violations. (Doc. No. 5 at 17.) Plaintiff also alleges that he was terminated, "at least in part, by Defendants' age-based animus and [] desire to replace plaintiff and other older employees with younger employees." (*Id.*) In the pending motion to dismiss, defendant argues that plaintiff's claim for wrongful termination is derivative of his discrimination claim and fails for the same reasons it has articulated with respect to that claim. (Doc. No. 6 at 28.) Plaintiff opposes dismissal of his wrongful termination claim, arguing that it survives defendant's motion to dismiss because his discrimination claim satisfies federal pleading standards. (Doc. No. 12 at 18–19.) Defendant also contends that plaintiff does not "identify what wage-and-hour violations Plaintiff complained [to Berry] about, to whom he complained, and the dates and times he complained." (Doc. No. 6 at 28.) Moreover, defendant argues that the FAC fails to plead facts which would create a causal nexus between plaintiff's alleged complaining and his subsequent termination. (*Id.*)

To the extent that plaintiff's wrongful termination claim is based on his complaints to Berry's management about wage and hour violations, the court will grant defendant's motion to dismiss plaintiff's wrongful termination claim. The FAC is simply devoid of any factual allegations detailing the nature of plaintiff's complaints and to whom he complained, let alone the link between the alleged complaints and his termination. However, having found that plaintiff has adequately pled his FEHA claim for discrimination, the court also concludes that plaintiff may maintain derivative claims for wrongful termination. *See Hernandez v. MidPen Housing Corp.*, No. 13-cv-05983 NC, 2014 WL 2040144, at *6 (N.D. Cal. May 16, 2014) ("Because the Court denies the motion to dismiss [plaintiff's FEHA retaliation claims], the claim for wrongful termination in violation of public policy also survives."); *cf. Sneddon v. ABF Freight Syss.*, 489 F. Supp. 1124, 1131 (S.D. Cal. 2007) (dismissing plaintiff's derivative cause of action for wrongful termination in violation of public policy after concluding that plaintiff had failed to state a claim

/////

as to the underlying FEHA discrimination claim). Defendant's motion to dismiss plaintiff's wrongful termination claim will therefore be granted in part.

**F.     Plaintiffs Eleventh Claim for Relief Alleging Intentional Infliction of Emotional Distress Fails to State a Cognizable Claim.**

Finally, defendant moves to dismiss plaintiff's claim for relief alleging intentional infliction of emotional distress.

Under California law, the elements for an IIED claim are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991). To be sufficiently extreme and outrageous conduct, the actions alleged "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998) (quotations omitted); *see also Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993).

Defendant contends that the facts alleged in the FAC fail to meet each of the elements of an IIED claim. (Doc. No. 6 at 28–29.) The court agrees. The FAC, in conclusory fashion, alleges that Smith's conduct was "extreme and outrageous" and that it was "intentionally and maliciously done to cause . . . Plaintiff to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress." (Doc. No. 5 at 19.) The FAC, however, fails to allege any facts from it could be found that defendant or its agents engaged in the required extreme or outrageous conduct. Plaintiff has also failed to allege facts that plausibly allege that plaintiff suffered severe or extreme emotional distress. Moreover, the FAC provides no factual support for why defendant's conduct was the direct and proximate cause of the alleged emotional distress plaintiff suffered. (*Id.*) Accordingly, plaintiff's eleventh claim will also be dismissed with leave to amend.

/////

/////

# CONCLUSION

For the reasons set forth above:

1. Defendant's motion to dismiss (Doc. No. 6) is granted in part;
2. Plaintiff's age-based harassment cause of action is dismissed with leave to amend;
3. Plaintiff's failure to take reasonable steps to prevent age-based harassment cause of action is dismissed with leave to amend;
4. Plaintiff's causes of action for meal and rest break and improper wage statements violations are dismissed with leave to amend;
5. Plaintiff's PAGA causes of action are dismissed with leave to amend;
6. Plaintiff's cause of action for wrongful termination based on his complaints to Berry's management about wage and hour violations is dismissed with leave to amend;
7. Plaintiff's IIED cause of action is dismissed with leave to amend;
8. Any amended complaint plaintiff may elect to file shall be submitted within fourteen (14) days of the date of this order; and
9. Defendant's motion to dismiss (Doc. No. 6) is denied in all other respects.

IT IS SO ORDERED.

Dated: **March 5, 2019**

UNITED STATES DISTRICT JUDGE