# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WYLAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BERRY PETROLEUM COMPANY, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 1:18-cv-01414-DAD-JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. No. 27) |

This matter is before the court on defendant Berry Petroleum Company, LLC's ("Berry") motion for judgment on the pleadings as to plaintiff's fourth and sixth causes of action for civil penalties under the California Labor Code Private Attorneys' General Act ("PAGA"), California Labor Code § 2698 *et seq.* (Doc. No. 27.) A hearing on the motion was held on October 1, 2019. Attorney Michael Yadegaran appeared telephonically on behalf of plaintiff, and attorney Emily Camastra appeared telephonically on behalf of defendant. The court has considered the parties' briefs and arguments presented at the hearing, and for the reasons set forth below, will grant defendant's motion.

## BACKGROUND

Plaintiff's second amended complaint ("SAC") asserts seven causes of action. (*See generally* Doc. No. 21 ("SAC").) In addition to five claims asserting violations of employment

1

law on behalf of himself, plaintiff alleges two causes of action on a representative basis against Berry pursuant to PAGA.  Specifically, plaintiff's fourth and sixth causes of action seek civil penalties for alleged meal and rest period violations on behalf of plaintiff and other allegedly aggrieved employees of Berry.  (*Id.* at 13, 15.)  On August 30, 2019, defendant Berry moved for judgment on the pleadings as to these two causes of action, arguing that:  (1) pursuant to PAGA, plaintiff was first required to exhaust his administrative remedies by sending a notice to the California Labor and Workforce Development Agency ("LWDA") setting forth the facts and theories supporting the alleged meal and rest period violations before filing suit; and (2) plaintiff's notice to LWDA in this regard fails to satisfy PAGA's administrative requirements for exhaustion.  (Doc. No. 27 at 7.)  On September 17, 2019, plaintiff filed his opposition to the pending motion, and on September 24, 2019, Berry filed its reply thereto.  (Doc. Nos. 29, 30.)

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

The same legal standard applicable to a Rule 12(b)(6) motion applies to a motion brought pursuant to Rule 12(c).  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."  *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*, 581 F.3d at 925 (noting that "judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law").  The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false.  *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).  The facts are viewed in the light

most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).

**ANALYSIS**

"Before an employee may file an action seeking to recover civil penalties [under PAGA], . . . he or she must comply with the Act's administrative procedures as set forth in section 2699.3." *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 370 (2005), *disapproved on other grounds by ZB, N.A. v. Superior Court of San Diego Cty.*, 8 Cal. 5th 175 (2019). Section 2699.3 states in relevant part that an "aggrieved employee or representative shall give written notice by online filing with the [LWDA] and by certified mail to the employer of the specific provisions of this code alleged to have been violated, *including the facts and theories to support the alleged violation*." Cal. Lab. Code § 2699.3 (emphasis added). "The evident purpose of the notice requirement is to afford the relevant state agency, the [LWDA], the opportunity to decide whether to allocate scarce resources to an investigation, a decision better made with knowledge of the allegations an aggrieved employee is making and any basis for those allegations." *Williams v. Superior Court*, 3 Cal. 5th 531, 545–46 (2017). The notice "must describe facts and theories supporting the violation." *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 380 (2014). *But see Harris v. Best Buy Stores, L.P.*, No. 17-CV-00446-HSG, 2019 WL 343420, at *4 (N.D. Cal. Jan. 28, 2019) ("[W]hile a PAGA notice must specify facts and theories, it need not prove those facts and theories.") (emphasis omitted). "[C]ompliance with the pre-filing notice and exhaustion requirements of the Act is mandatory," and failure to comply with these prerequisites is fatal to a PAGA cause of action. *Caliber Bodyworks*, 134 Cal. App. 4th at 382, 384.

Defendant Berry contends that plaintiff's fourth and sixth causes of action—seeking civil penalties for alleged meal and rest break violations—fail as a matter of law because the notice that plaintiff filed with the LWDA is deficient in that it failed to provide facts and theories supporting either alleged violation. (Doc. No. 27 at 11–17.) In support of its motion, Berry points the court to authority from and within the Ninth Circuit as well as from California state courts noting that "the notice provision requires something more than bare allegations of a Labor

Code violation." *Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 836 (2018), *review denied* (Feb. 20, 2019); *see also Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1057 (9th Cir. 2015) ("Plaintiff's letter—a string of legal conclusions with no factual allegations or theories of liability to support them—is insufficient to allow the Labor and Workforce Development Agency to intelligently assess the seriousness of the alleged violations."); *Soto v. Castlerock Farming & Transp. Inc.*, No. CIV-F-09-0701 AWI, 2012 WL 1292519, at *8 (E.D. Cal. Apr. 16, 2012) (finding an LWDA notice that stated an employer had a practice of denying rest and lunch periods to be insufficient for § 2699.3's requirements). In his opposition, plaintiff does not counter the authorities relied upon by Berry but, instead, merely contends in conclusory fashion that Berry's motion should be denied because his notice to the LWDA set forth sufficient facts and theories related to his meal and rest period allegations. (Doc. No. 29 at 4–7.) For the reasons that follow, the court disagrees, and finds that plaintiff's notice to the LWDA was insufficient as a matter of law because it failed to specify the facts and theories supporting the alleged meal and rest violations.

With respect to plaintiff's fourth cause of action seeking civil penalties for alleged meal period violations, plaintiff's notice[1] to the LWDA does not even assert that Berry failed to provide him or other employees with meal periods, much less provide any facts or theories to

---

[1] Although the SAC alleges that "Plaintiff has met all of the jurisdictional requirements for proceeding with his claims under the PAGA . . . by giving timely notice on July 3, 2018 . . . to . . . the [LWDA]," (SAC at ¶ 15), plaintiff did not attach his LWDA notice to the SAC. Defendant Berry requests that this court take judicial notice of plaintiff's July 3, 2018 notice to the LWDA, as well as five pre-filing notices to the LWDA placed in the record of cases referenced in its pending motion so the court can "compare the level of factual detail in those letters with that in Plaintiff's pre-filing letter to the LWDA." (Doc. No. 28.) Plaintiff does not oppose Berry's request for judicial notice. The court will consider plaintiff's July 3, 2018 notice submitted to the LWDA pursuant to the incorporation by reference doctrine. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). Moreover, pursuant to Federal Rule of Evidence 201(b), the court will judicially notice the LWDA notices placed in the record of other lawsuits that defendant Berry has asked the court to compare to the notice submitted by plaintiff here. Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Soto*, 2012 WL 1292519, at *8 (taking judicial notice of an LWDA notice that was in the record of a different case).

4

support such an allegation. (*See generally* Doc. No. 28-1.) Although plaintiff's notice does list sections of California's Labor Code—§§ 512(a) and 226.7—that govern meal period violations, it does not otherwise provide any facts or theories supporting any such violation on Berry's part. (*Id.*) In *Alcantar*, the Ninth Circuit found a plaintiff's notice to the LWDA to be insufficient where the notice was simply "a series of legal conclusions." 800 F.3d at 1057. There, the plaintiff's notice asserted that the employer "failed to pay wages for all time worked," "failed to pay overtime wages for overtime worked," "failed to include the extra compensation required by [the] California Labor Code," and so forth. *Id.* The court in *Alcantar* noted that "[t]he only facts or theories that could be read into th[at] letter are those implied by the claimed violations of specific sections of the California Labor Code . . .. This is insufficient." *Id.*

Here, plaintiff's notice to the LWDA, with respect to his fourth cause of action, is even more deficient than the one found to be insufficient in *Alcantar* because here plaintiff merely listed the operative sections of the California Labor Code and did not even attempt to spell out what the alleged violations might be. Plaintiff's contention that his notice states that defendant Berry violated his and other employees' rights "by not paying them premium wages in lieu of meal and rest periods" (Doc. No. 29 at 6) is of no import because this allegation: (1) is included in the notice under the heading "Failure to Provide Accurate Wage Statements," and does not appear to relate to plaintiff's meal break claim; (2) does not state that Berry failed to provide meal periods; and (3) does not provide any facts and theories to support such a claim. Accordingly, the court concludes that plaintiff's fourth cause of action fails as a matter of law and Berry is entitled to judgment on the pleadings as to that claim. *Brown*, 28 Cal. App. 5th at 837–38 (Allegations in a LWDA notice that identified "specific provisions" of the Labor Code were nothing more than a "string of legal conclusions that parroted the allegedly violated Labor Code provisions" that "did not state facts and theories supporting the alleged violations" and therefore could not "serve as notice of alleged violations").

With respect to plaintiff's sixth cause of action seeking civil penalties for alleged rest period violations, plaintiff's notice submitted to the LWDA failed to specify any facts and theories to support his rest period claim. Although the notice has a section labeled "Failure to

Provide Rest Periods," the only facts or theories that plaintiff provided in support of his allegations were:

> At all relevant times, Berry . . . violated, and/or caused to be violated, [California Labor Code §§ 226.7, 512, and 1198] by:
>
> 1. Failing to maintain practices that ensure that legally mandated rest periods are provided to Wyland and aggrieved employees, and that rest periods are affirmatively authorized and permitted for Wyland and aggrieved employees;
>
> 2. Failing to pay premium wages to Wyland and aggrieved employees in lieu of rest periods that are not provided, or in lieu of rest periods that are not affirmatively authorized and permitted; []
>
> 3. Employing Wyland and aggrieved employees, or causing them to be employed, under conditions that violate the California Labor Code and the Wage Order; and
>
> 4. Underpaying Wyland and aggrieved employees, or causing them to be underpaid, in violation of the California Labor Code and the Wage order.

(Doc. No. 28-1 at 3–4.) These allegations, however, merely mimic the statutes allegedly violated and fall short of PAGA's requirement that the aggrieved employee provide the LWDA with specific facts and theories supporting the plaintiff's allegations. In *Raphael v. Tesoro Refining & Marketing. Co. LLC*, the LWDA letter alleged that:

> California Labor Code section 226.8 and 512 require employers to pay an employee an additional hour of pay at the employee's regular rate for each meal or rest period that is not provided. During the relevant time period, Tesoro required [plaintiff] and other aggrieved employees to work during meal and rest periods and failed to compensate them properly for missed meal and rest periods.

No. 2:15-CV-02862-ODW, 2015 WL 5680310, at *4 (C.D. Cal. Sept. 25, 2015). The court in *Raphael* noted that "[t]he exceedingly detailed level of specificity for Section 2699.3[] [wa]s not satisfied . . . [because] [the plaintiff] mimicked the statute violated." *Id.* The court therefore dismissed plaintiff's claims seeking civil penalties pursuant to PAGA for rest and meal break violations. *Id.* Here, the allegations of plaintiff's notice submitted to the LWDA concerning his rest period claims are similar to those found insufficient by the *Raphael* court. Accordingly, this court concludes that plaintiff's sixth cause of action fails as a matter of law and that defendant

6

Berry is entitled to judgment on the pleadings as to that claim as well. *See also Mireles v. Paragon Sys., Inc.*, No. 13-CV-00122-L-BGS, 2016 WL 7634439, at *5 (S.D. Cal. Feb. 9, 2016) (finding an LWDA notice "insufficient" because it "fail[ed] to provide any facts, not implied by reference to the Labor Code . . . as to how defendant violated Labor Code Section 226.7 . . .. As a result, the PAGA Notice fail[ed] to provide any meaningful notice as to the scope and severity of the alleged violation" and the court granted partial summary judgment in the defendant's favor as to the plaintiff's PAGA claims); *Singletary v. Teavana Corp.*, No. 5:13-CV-01163-PSG, 2014 WL 1760884, at *3 (N.D. Cal. May 2, 2014) (Granting summary judgment on the plaintiff's PAGA claims in the defendant's favor where "the letters clearly failed to provide any factual allegations whatsoever, so under Ninth Circuit law, they do not provide adequate notice") (internal quotation marks omitted).

Having concluded that defendant Berry is entitled to judgment on the pleadings as to plaintiff's fourth and sixth causes of action, the court must now determine whether leave to amend should be granted. Courts have discretion both to grant a motion for judgment on the pleadings with leave to amend or to simply grant dismissal of causes of action rather than grant judgment as to them. *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted); *see also Pac. W. Grp. v. Real Time Sols., Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008);[2] *Woodson v. California*, No. 2:15-cv-01206-MCE-CKD, 2016 WL 524870, at *2 (E.D. Cal. Feb. 10, 2016). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (noting that "[l]eave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility").

Berry argues that leave to amend should be denied here because "adequate and timely notice to the LWDA is a prerequisite to bring a PAGA suit" and "an employee must comply with

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

7

PAGA's administrative procedures before filing an action seeking to recover civil penalties." (Doc. No. 27 at 18) (citing Cal. Lab. Code § 2699.3 and *Caliber*, 134 Cal. App. 4th at 370, 381–82). Indeed, some courts have found that "allowing an amended notice to be submitted after the civil action has already been filed defeats the very purpose of the exhaustion requirement, which is to give the LWDA the opportunity to make an informed decision about whether to pursue the matter itself." *Ovieda v. Sodexo Operations*, LLC, No. CV 12-1750-GHK SSX, 2013 WL 3887873, at *5 (C.D. Cal. July 3, 2013); *see also Gunn v. Family Dollar Stores, Inc.*, No. 3:14-CV-1916-GPC-BGS, 2016 WL 7030363, at *5 (S.D. Cal. Dec. 2, 2016) ("[A]fter conducting independent research, this Court has found that courts have granted PAGA claimants leave to amend only when the plaintiff's complaint failed to adequately plead exhaustion, not when Plaintiff provided defective notice to the LWDA."). Here, the court has already concluded that plaintiff's notice to the LWDA is deficient, thus granting him leave to amend at this juncture would be futile because he cannot present the court with a notice that satisfies PAGA's requirements.

However, one district court has been presented with the following related question: "if a plaintiff in good faith timely complies with PAGA's administrative notice requirement, but the notice is later found to be deficient, may equitable tolling operate to permit Plaintiff's claims despite the fact that any amended notice would necessarily be filed after the limitations period has passed, or is PAGA's statute of limitations jurisdictional?" *Williams v. Veolia Transportation Servs., Inc.*, No. CV 08-2582-GW (AGRx), 2012 WL 12960640, at *5 (C.D. Cal. June 28, 2012). There, the district court permitted the plaintiff to file a new LWDA notice and held that her PAGA claims were preserved by equitable tolling. *Williams,* 2012 WL 12960640, at *3. The holding in *Williams* has been called into question, with one state appellate court noting that the court in *Williams* "did . . . [not] consider the legislative intent to remedy workplace violations through expeditious notice, investigation, and litigation, which would be hindered if an untimely new notice could cure a deficient notice filed more than six years earlier as occurred [t]here." *Brown*, 28 Cal. App. 5th at 841. As the court's analysis in *Brown* notes, however, the facts before it were distinguishable from those in *Williams* because (1) the plaintiff in *Brown* waited six years

8

before filing a new notice with the LWDA and (2) she sought to add new claims based on Labor Code provisions not specified in her original notice. *Id.* In light of the decision in *Williams* and other similar decisions, the court will grant the pending motion to dismiss without leave to amend but without prejudice to plaintiff moving to amend his complaint in the future to include PAGA claims for meal and rest period violations should he file a sufficient notice with the LWDA.³

**CONCLUSION**

For the reasons set forth above, defendant's motion (Doc. No. 27) is granted, and plaintiff's fourth and sixth causes of action are dismissed without leave to amend and without prejudice.

IT IS SO ORDERED.

Dated: **October 9, 2019**

                                             UNITED STATES DISTRICT JUDGE

---

³ The court is not suggesting that plaintiff would be entitled to equitable tolling should he choose to refile a notice with the LWDA, or even that the one-year statute of limitations for plaintiff's PAGA claims has expired —these issued have not yet been briefed by the parties and are therefore not before the court. The court is only pointing out that some courts have permitted PAGA claims to be alleged where a plaintiff has in good faith timely complied with PAGA's administrative notice requirement, that initial notice later was determined to be deficient, and the plaintiff sought to amend his complaint to add PAGA claims based on a later-filed adequate notice. *See, e.g., Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 (N.D. Cal. 2013) ("In similar cases where plaintiffs have filed a complaint alleging all of the relevant facts and then later timely exhausted administrative remedies and amended the pleadings to include PAGA claims, courts have permitted the later PAGA claim to relate back to the filing of the original complaint, even where that complaint predated the filing of the administrative claim.") Of course, should plaintiff choose to move to amend his complaint in the future to include PAGA claims, the burden will be on him to establish that he is entitled to the granting of leave to amend.